1
2  Chris Zhen (CA STATE BAR #275575)
3  chris.zhen@zhenlawfirm.com
   ZHEN LAW FIRM
4  5670 Wilshire Blvd #1800
   Los Angeles, CA 90036
5  Telephone: (213) 935-0715

6  *Attorney for Plaintiff*
   Digital Landscape Inc.
7

8                    **UNITED STATES DISTRICT COURT**

9                    **FOR THE CENTRAL DISTRICT OF ILLINOIS**
10

11

12 | DIGITAL LANDSCAPE INC.,          | Case No.: 1:21-cv-1174
13 |           Plaintiff,             |
14 | vs.                              | **COMPLAINT FOR PATENT INFRINGEMENT;**
15 | MAUI JIM USA, INC. and           |
16 | MAUI JIM, INC.,                  | **DEMAND FOR JURY TRIAL**
17 |           Defendants.            |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Digital Landscape Inc. ("Digital Landscape"), by and through their attorneys, files this Complaint for Patent Infringement and Demand for Jury Trial against Maui Jim USA, Inc. and Maui Jim, Inc. ("Defendants" or "Maui Jim") and alleges as follows:

## THE PARTIES

1. Plaintiff Digital Landscape is a corporation organized under the laws of the State of California with a place of business at 2910 S Archibald Ave, Ontario, CA 91761.

2. On information and belief, Maui Jim USA, Inc. is a corporation organized under the laws of the State of Illinois with a place of business at One Aloha Lane, Peoria IL 61615. On information and belief, Maui Jim USA, Inc. makes, sells, offers to sell, and/or uses products throughout the United States, including in this judicial district, and introduces infringing products into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

3. On information and belief, Maui Jim, Inc. is a corporation organized under the laws of the State of Illinois with a place of business at One Aloha Lane, Peoria IL 61615. On information and belief, Maui Jim, Inc. makes, sells, offers to sell, and/or uses products throughout the United States, including in this judicial district, and introduces infringing products into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c) and 1400(b) in that this is the judicial district in which (i) a substantial part of the acts and omissions giving rise to the claims occurred and (ii) where defendants Maui Jim have an established place of business.

## THE ASSERTED PATENT

7. On August 22nd, 2006, the United States and Trademark office, duly and legally issued United States Patent No. 7,093,935, entitled "Multifocal polarized sunglasses and lenses" ("the '935 Patent"). The '935 Patent's named invertor is Stuart A. Parnell and Plaintiff Digital Landscape is assignee and owner of the entire right, title and interest in and to the '935 Patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '935 Patent is attached hereto as Exhibit "A".

## THE ACCUSED PRODUCTS

8. The Defendants' Accused Products for purposes of the Asserted Patent include, but not limited to, the Defendants' bifocal sunglasses, such as, without limitation, Maui Jim's Reader line of sunglasses (EXHIBIT "B"), which as of this complaint currently encompasses the Ho'okipa Reader (EXHIBIT "C"), Makaha Reader (EXHIBIT "D"), Ho'okipa Reader Asian Fit (EXHIBIT "E"), and Makaha Reader Asian Fit (EXHIBIT "F").

## FIRST CAUSE OF ACTION

## PATENT INFRINGEMENT OF U.S. PATENT NO. 7,093,935

9. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 8 above.

10. On information and belief, Defendants directly or, alternatively, under the doctrine of equivalents, infringe each of independent claims 1 and 11 of the '935 Patent (hereafter "the Asserted Claims of the '935 Patent"), including practicing every limitation of each of claims 1

and 11, in violation of 35 U.S.C. § 271(a) when Defendants sell, offering to sell, make, use, provide, cause to be used, instruct, direct, and/or require others to perform all or some of the steps of the Asserted Claims; in addition or in the alternative, Defendants infringe each of independent claims 1 and 11 of the '935 Patent by importing into the United States or offering to sell, sell, or use within the United States the Accused Products made using the Asserted Claims in violation of 35 U.S.C. § 271(g). Defendants' customers directly or, alternatively, under the doctrine of equivalents, infringe each of independent claims 1 and 11 of the '935 patent when they use the Accused Products, alone or in combination with other products, in the United States.

11. Claim 1 of the '935 Patent recites: A method of making a sunglasses lens, comprising: providing a bifocal segment; molding an outer lens layer around the bifocal segment; combining the outer lens layer with an inner lens layer and a polarizing layer to form a sunglasses lens blank, wherein the combined thickness of the outer lens layer, the inner lens layer, and the polarizing layer is less than 5 millimeters without grinding of any of the layers; and edging the sunglasses lens blank to fit within a sunglasses frame.

12. As shown in the images of Defendant's Accused Products (EXHIBITS "B"-"F") it can be reasonably inferred that Defendants' Accused Products utilize a method for making sunglasses in its production.

13. As shown in the webpage for the Reader sunglasses (EXHIBIT "B") Defendants' Accused Products provide for a bifocal segment. As shown in the images of Defendants' Accused Products (EXHIBITS "B"-"F"), the Accused Products accommodate the bifocal segment by molding an outer lens layer around the bifocal segment.  As shown in the webpage

for the Reader sunglasses (EXHIBIT "B") Defendants' Accused Products include a polarized layer.

14. On information and belief, Defendants' Accused Products are made from polycarbonate material allowing for thinner lenses than traditional plastic or glass and will accommodate for the production of a final sunglass blank as described in the limitations in which the blank is less than 5 millimeters without grinding of any of the layers. As shown in the images of Defendant's Accused Products (EXHIBITS "B"-"F"), the Accused Products are attached to sunglass frames.

15. Defendants' Accused Products thus meet each and every limitation of claim 1 of the '935 Patent.

16. Claim 11 of the '935 Patent recites: A process for making sunglasses, comprising: providing a pair of polarized lens blanks, wherein each of the polarized lens blanks includes a bifocal segment, and wherein each of the polarized lens blanks has a thickness of less than 5 millimeters without grinding; providing a sunglasses frame; edging the polarized lens blanks to fit within the sunglasses frame; and setting the edged polarized lens blanks in the sunglasses frame.

17. As shown in the images of Defendant's Accused Products (EXHIBITS "B"-"F") it can be reasonably inferred that Defendants' Accused Products utilize a process for making sunglasses. As shown in the webpages for the Reader sunglasses (EXHIBITS "B"-"F"), Defendants' Accused Products provide a polarizing layer and provide a bifocal segment. On information and belief, Defendants' Accused Products are made from polycarbonate material allowing for thinner lenses than traditional plastic or glass and will accommodate for the

production of a final sunglass blank as described in the limitations in which the blank is less than 5 millimeters without grinding of any of the layers.

18. As shown in the webpages for the Reader sunglasses (EXHIBITS "B"-"F"), Defendants' Accused Products provide for sunglass frames. As shown in the webpages for the Reader sunglasses (EXHIBITS "B"-"F"), Defendants' Accused Products are attached to the sunglass frames.

19. Defendants' Accused Products thus meet each and every limitation of claim 11 of the '935 Patent.

20. On information and belief, the Accused Products are made using the patented methods directly or indirectly infringing at least claims 1 and 11 of the '935 Patent during the pendency of the '935 Patent.

21. Defendants have had knowledge of the '935 Patent since at least about or around October 26th, 2017, when Plaintiff formally notified Defendants of the '935 Patent as well as Plaintiff's ownership of the '935 Patent. A true and correct copy of the notice letter is attached hereto as Exhibit "F".

22. On information and belief Defendants, despite this notice, and without permission, license or authorization from Plaintiff, continue to produce, market, and sell the infringing Accused Products.

23. On information and belief Defendants' infringement has been and continues to be willful.

24. Plaintiff is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement. Plaintiff asserts upon information and belief that infringement of the

-6-
COMPLAINT FOR PATENT INFRINGEMENT          CASE NO.: 1:21-CV-1174

asserted claims of the '935 patent is continuous and ongoing unless and until Defendants are enjoined from further infringement by this Court under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For an Order enjoining Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from infringing, or inducing infringement by others, of the '935 Patent;

2. An award of damages to be paid by Defendants adequate to compensate Plaintiff for Defendants' past infringement of the Asserted Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial; that such award of damages be trebled;

3. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

4. For other such relief as the court deems just and proper.

///

///

///

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable as such.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: June 16, 2021 | ZHEN LAW FIRM |
|  | By: */s/ Chris J. Zhen* _<br>Chris J. Zhen (lead counsel)<br>ZHEN LAW FIRM<br>5670 Wilshire Blvd #1800<br>Los Angeles, CA 90036<br>Telephone: (213) 935-0715<br>chris.zhen@zhenlawfirm.com |
|  | *Attorney for Plaintiff*<br>*Digital Landscape Inc.* |