UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DIGITAL LANDSCAPE INC.,

    Plaintiff,

v.

MAUI JIM USA, INC. and MAUI JIM, INC.,

    Defendants.

Case No.: 1:21-cv-1174

## ANSWER AND AFFIRMATIVE DEFENSES
## TO COMPLAINT FOR PATENT INFRINGEMENT

Defendants Maui Jim USA, Inc. and Maui Jim, Inc. (collectively, "Maui Jim") hereby file their Answer and Affirmative Defenses in response to the Complaint of Digital Landscape Inc. ("Digital Landscape").

### THE PARTIES

1.    Plaintiff Digital Landscape is a corporation organized under the laws of the State of California with a place of business at 2910 S Archibald Ave, Ontario, CA 91761.

**ANSWER**: Maui Jim is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies them.

2.    On information and belief, Maui Jim USA, Inc. is a corporation organized under the laws of the State of Illinois with a place of business at One Aloha Lane, Peoria IL 61615. On information and belief, Maui Jim USA, Inc. makes, sells, offers to sell, and/or uses products throughout the United States, including in this judicial district, and introduces infringing products into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

**ANSWER**: Maui Jim admits that Maui Jim USA, Inc. is a corporation organized under the laws of the State of Illinois with a place of business at One Aloha Lane, Peoria, IL 61615. Maui Jim denies the remaining allegations in Paragraph 2 of the Complaint.

3. On information and belief, Maui Jim, Inc. is a corporation organized under the laws of the State of Illinois with a place of business at One Aloha Lane, Peoria IL 61615. On information and belief, Maui Jim, Inc. makes, sells, offers to sell, and/or uses products throughout the United States, including in this judicial district, and introduces infringing products into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

**ANSWER**: Maui Jim admits that Maui Jim, Inc. is a corporation organized under the laws of the State of Illinois with a place of business at One Aloha Lane, Peoria, IL 61615. Maui Jim denies the remaining allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

**ANSWER**: Paragraph 4 contains a legal conclusion to which no response is required. To the extent that a response is required, Maui Jim admits that the Complaint purports to state a cause of action under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338.

**ANSWER**: Paragraph 5 contains a legal conclusion to which no response is required. To the extent that a response is required, Maui Jim does not contest that this Court has jurisdiction over the subject matter of the Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c) and 1400(b) in that this is the judicial district in which (i) a substantial part of the acts and omissions giving rise to the claims occurred and (ii) where defendants Maui Jim have an established place of business.

**ANSWER**: Paragraph 6 contains a legal conclusion to which no response is required. To the extent that a response is required, Maui Jim does not contest that venue is proper in this

Court for purposes of this action only. Maui Jim denies the remaining allegations in Paragraph 6 of the Complaint.

### THE ASSERTED PATENT

7. On August 22nd, 2006, the United States and Trademark office, duly and legally issued United States Patent No. 7,093,935, entitled "Multifocal polarized sunglasses and lenses" ("the '935 Patent"). The '935 Patent's named invertor is Stuart A. Parnell and Plaintiff Digital Landscape is assignee and owner of the entire right, title and interest in and to the '935 Patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '935 Patent is attached hereto as Exhibit "A".

**ANSWER**: Maui Jim admits that the United States Patent and Trademark Office issued United States Patent No. 7,093,935, entitled "Multifocal polarized sunglasses and lenses" ("the '935 Patent"), and that the named inventor listed on the face of the '935 patent is Stuart A. Parnell. Maui Jim denies the remaining allegations in Paragraph 7 of the Complaint.

### THE ACCUSED PRODUCTS

8. The Defendants' Accused Products for purposes of the Asserted Patent include, but not limited to, the Defendants' bifocal sunglasses, such as, without limitation, Maui Jim's Reader line of sunglasses (EXHIBIT "B"), which as of this complaint currently encompasses the Ho'okipa Reader (EXHIBIT "C"), Makaha Reader (EXHIBIT "D"), Ho'okipa Reader Asian Fit (EXHIBIT "E"), and Makaha Reader Asian Fit (EXHIBIT "F").

**ANSWER**: Maui Jim admits that the Complaint alleges infringement of the '935 patent by the Ho'okipa Reader, the Makaha Reader, the Ho'okipa Reader Asian Fit, and the Makaha Reader Asian Fit. Maui Jim denies the remaining allegations set forth in Paragraph 8 of the Complaint.

### FIRST CAUSE OF ACTION
### PATENT INFRINGEMENT OF U.S. PATENT NO. 7,093,935

9. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 8 above.

**ANSWER**: Maui Jim incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

10. On information and belief, Defendants directly or, alternatively, under the doctrine of equivalents, infringe each of independent claims 1 and 11 of the '935 Patent (hereafter "the Asserted Claims of the '935 Patent"), including practicing every limitation of each of claims 1 and 11, in violation of 35 U.S.C. § 271(a) when Defendants sell, offering to sell, make, use, provide, cause to be used, instruct, direct, and/or require others to perform all or some of the steps of the Asserted Claims; in addition or in the alternative, Defendants infringe each of independent claims 1 and 11 of the '935 Patent by importing into the United States or offering to sell, sell, or use within the United States the Accused Products made using the Asserted Claims in violation of 35 U.S.C. § 271(g). Defendants' customers directly or, alternatively, under the doctrine of equivalents, infringe each of independent claims 1 and 11 of the '935 patent when they use the Accused Products, alone or in combination with other products, in the United States.

**ANSWER**: Maui Jim denies the allegations set forth in Paragraph 10 of the Complaint.

11. Claim 1 of the '935 Patent recites: A method of making a sunglasses lens, comprising: providing a bifocal segment; molding an outer lens layer around the bifocal segment; combining the outer lens layer with an inner lens layer and a polarizing layer to form a sunglasses lens blank, wherein the combined thickness of the outer lens layer, the inner lens layer, and the polarizing layer is less than 5 millimeters without grinding of any of the layers; and edging the sunglasses lens blank to fit within a sunglasses frame.

**ANSWER**: Paragraph 11 contains a legal conclusion to which no response is required. To the extent that a response is required, Maui Jim admits that paragraph 11 restates Claim 1 of the '935 Patent.

12. As shown in the images of Defendant's Accused Products (EXHIBITS "B"-"F") it can be reasonably inferred that Defendants' Accused Products utilize a method for making sunglasses in its production.

**ANSWER**: Maui Jim denies the allegations set forth in Paragraph 12 of the Complaint.

13. As shown in the webpage for the Reader sunglasses (EXHIBIT "B") Defendants' Accused Products provide for a bifocal segment. As shown in the images of Defendants' Accused Products (EXHIBITS "B"-"F"), the Accused Products accommodate the bifocal segment by molding an outer lens layer around the bifocal segment. As shown in the webpage for the Reader sunglasses (EXHIBIT "B") Defendants' Accused Products include a polarized layer.

**ANSWER**: Maui Jim denies the allegations set forth in Paragraph 13 of the Complaint.

14. On information and belief, Defendants' Accused Products are made from polycarbonate material allowing for thinner lenses than traditional plastic or glass and will accommodate for the production of a final sunglass blank as described in the limitations in which the blank is less than 5 millimeters without grinding of any of the layers. As shown in the images

of Defendant's Accused Products (EXHIBITS "B"-"F"), the Accused Products are attached to sunglass frames.

**ANSWER**: Maui Jim denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants' Accused Products thus meet each and every limitation of claim 1 of the '935 Patent.

**ANSWER**: Maui Jim denies the allegations set forth in Paragraph 15 of the Complaint.

16. Claim 11 of the '935 Patent recites: A process for making sunglasses, comprising: providing a pair of polarized lens blanks, wherein each of the polarized lens blanks includes a bifocal segment, and wherein each of the polarized lens blanks has a thickness of less than 5 millimeters without grinding; providing a sunglasses frame; edging the polarized lens blanks to fit within the sunglasses frame; and setting the edged polarized lens blanks in the sunglasses frame.

**ANSWER**: Paragraph 16 contains a legal conclusion to which no response is required. To the extent that a response is required, Maui Jim admits that paragraph 16 restates Claim 11 of the '935 Patent.

17. As shown in the images of Defendant's Accused Products (EXHIBITS "B"-"F") it can be reasonably inferred that Defendants' Accused Products utilize a process for making sunglasses. As shown in the webpages for the Reader sunglasses (EXHIBITS "B"-"F"), Defendants' Accused Products provide a polarizing layer and provide a bifocal segment.

**ANSWER**: Maui Jim denies the allegations set forth in Paragraph 17 of the Complaint.

18. As shown in the webpages for the Reader sunglasses (EXHIBITS "B"-"F"), Defendants' Accused Products provide for sunglass frames. As shown in the webpages for the Reader sunglasses (EXHIBITS "B"-"F"), Defendants' Accused Products are attached to the sunglass frames.

**ANSWER**: Maui Jim denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants' Accused Products thus meet each and every limitation of claim 11 of the '935 Patent.

**ANSWER**: Maui Jim denies the allegations set forth in Paragraph 19 of the Complaint.

20. On information and belief, the Accused Products are made using the patented methods directly or indirectly infringing at least claims 1 and 11 of the '935 Patent during the pendency of the '935 Patent.

**ANSWER**: Maui Jim denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendants have had knowledge of the '935 Patent since at least about or around October 26th, 2017, when Plaintiff formally notified Defendants of the '935 Patent as well as Plaintiff's ownership of the '935 Patent. A true and correct copy of the notice letter is attached hereto as Exhibit "F".

**ANSWER**: Maui Jim admits that Plaintiff notified Maui Jim of the existence of the '935 Patent in a letter dated October 26, 2017. Maui Jim denies the remaining allegations set forth in Paragraph 21 of the Complaint

22.     On information and belief Defendants, despite this notice, and without permission, license or authorization from Plaintiff, continue to produce, market, and sell the infringing Accused Products.

**ANSWER**: Maui Jim denies the allegations set forth in Paragraph 22 of the Complaint.

23.     On information and belief Defendants' infringement has been and continues to be willful.

**ANSWER**: Maui Jim denies the allegations set forth in Paragraph 23 of the Complaint.

24.     Plaintiff is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement. Plaintiff asserts upon information and belief that infringement of the asserted claims of the '935 patent is continuous and ongoing unless and until Defendants are enjoined from further infringement by this Court under 35 U.S.C. § 283.

**ANSWER**: Maui Jim denies the allegations set forth in Paragraph 24 of the Complaint.

## RESPONSES TO PRAYER FOR RELIEF

Maui Jim denies all remaining allegations not specifically admitted herein. Maui Jim denies that Plaintiff is entitled to any judgment or relief against Maui Jim and therefore specifically denies Paragraphs 1 through 4 of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Maui Jim, without prejudice to the denials set forth in its Answer, alleges the following defenses to Plaintiff's Complaint. Maui Jim reserves the right to seek leave to assert additional defenses based on the Court's claim construction and as it learns more information through discovery. Maui Jim does not assume the burden of proof with respect to those matters as to

which, pursuant to law, Plaintiff bears the burden of proof. Without any admission or implication as to burden of proof and expressly reserving its right to assert any additional defenses or counterclaims that discovery may reveal, Maui Jim asserts the following defenses:

### FIRST DEFENSE
### (INVALIDITY OF THE '935 PATENT)

One or more claims of the '935 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, one or more of sections 101, 102, 103, and/or 112, and/or the doctrine of obviousness-type double-patenting and/or any other judicially created requirements for patentability and enforceability of patents.

### SECOND DEFENSE
### (NON-INFRINGEMENT OF THE '935 PATENT)

The manufacture, use, sale, offer for sale, and/or importation of the Accused Products does not and will not infringe, induce infringement of, or contribute to the infringement of any valid and/or enforceable claims of the '935 patent, either literally or under the doctrine of equivalents.

### THIRD DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE
### (EQUITABLE ESTOPPEL)

Plaintiff's claims are barred by the doctrine of equitable estoppel.

### FIFTH DEFENSE
### (UNCLEAN HANDS)

Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH DEFENSE
## (NOT AN EXCEPTIONAL CASE)

Maui Jim's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

## RESERVATION OF DEFENSES

Maui Jim hereby reserves any and all defenses that are available under the Federal Rules of Civil Procedure and the U.S. Patent Law as well as any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and further factual investigation during this litigation, including unenforceability.

## PRAYER FOR RELIEF

WHEREFORE, Maui Jim respectfully requests this Court enter a Judgment and Order:

A. Dismissing the Complaint, and the claims for relief contained therein, with prejudice and denying each and every request for relief contained therein;

B. Declaring that the claims of the '935 Patent are invalid;

C. Declaring that the manufacture, use, offer for sale, importation, and/or marketing of the Accused Products has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '935 patent, either literally or under the doctrine of equivalents;

D. Enjoining Plaintiff, its officers, employees, agents, representatives, attorneys, and others acting on its behalf, from threatening or initiating infringement litigation against Maui Jim or its customers, dealers, or suppliers, or any prospective or present sellers, dealers,

    distributors, or customers of Maui Jim, or charging it either orally or in writing with infringement of the '935 patent.

E.     Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Maui Jim its attorney fees, costs, and expenses under 35 U.S.C. § 285 and all other applicable statutes and rules in common law that would be appropriate, with pre- and post-judgment interest thereon; and

F.     Granting Maui Jim such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Maui Jim hereby demands a trial by jury of all issues so triable.

Dated: September 17, 2021

Respectfully Submitted,

By: *s/ Mark H. Remus*
Mark H. Remus (Lead Counsel, #6243717)
CROWELL & MORING LLP
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
(312)321-4200
mremus@crowell.com

*Attorney for Defendants*
*Maui Jim USA, Inc. and Maui Jim, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the CMECF system which will send notification of such filing to the following: Chris Zhen.

<i>/s/ Mark Remus</i>