UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DIGITAL LANDSCAPE INC., <br><br> Plaintiff, <br><br> v. <br><br><br> MAUI JIM USA, INC. and MAUI JIM, INC., <br><br> Defendants. | Case No.: 1:21-cv-1174 |

**MAUI JIM'S COMBINED (1) REPLY IN SUPPORT OF ITS
MOTION FOR JUDGMENT ON THE PLEADINGS AND
(2) OPPOSITION TO PLAINTIFF'S RULE 56(d) MOTION**

Digital Landscape does not address the merits of Maui Jim's Rule 12 motion or its alternative motion for summary judgment of noninfringement. Digital Landscape, a non-practicing entity, never denies that the lenses in the accused Maui Jim sunglasses do not "fit within" the frames as required by the claims of the '935 patent, nor does it deny that the bifocal element is in the inner layer of the Maui Jim lenses – the exact opposite of what is required by the claims. Digital Landscape instead makes conclusory procedural arguments that it is too early for claim construction – without saying why it is too early – and that it needs to take discovery – without identifying what the discovery is, why it is unavailable to Digital Landscape, or why it is relevant to the issues in Maui Jim's motion. Digital Landscape's theme is consistent – delay, delay, delay. But there is no reason to delay entering judgment of non-infringement where the pleadings and uncontested facts show that Maui Jim does not infringe the '935 patent.[1] *See*

---

[1] Maui Jim filed a combined memorandum in support of its Rule 12(c) motion and its motion for summary judgment (Dkt. 14) because the two motions are closely related and pled in the alternative. Digital Landscape responded by filing two separate responses: (a) its opposition to the Rule 12(c) motion on Oct. 12 (Dkt. 15) and (2) its Rule 56(d) motion on Oct. 19 (Dkt. 17).

1

*Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1930 (2015) ("Some companies may use patents as a sword to go after defendants for money, even when their claims are frivolous. . . . [I]t is still necessary and proper to stress that district courts have the authority and responsibility to ensure frivolous cases are dissuaded.")

## I.  MAUI JIM REQUESTS LEAVE TO PERMIT THE FOLLOWING REPLY IN SUPPORT OF ITS RULE 12(c) MOTION

Pursuant to CDIL-LR 7.1(B)(3), Maui Jim respectfully requests leave of court to permit the following short reply in support of its Rule 12(c) motion that will assist the court in resolving this potentially case-dispositive motion.[2]

### A.  There Is No Reason To Delay Claim Construction

Contrary to Digital Landscape's suggestion, there is no rule against construing patent claims at the time of a Rule 12 motion. *See Atlas IP, LLC. v. Exelon Corp.*, 189 F. Supp. 3d. 768, 774 (N.D. Ill. 2016), aff'd, 686 F. App'x 921 (Fed. Cir. 2017). As explained in *Atlas*:

> Claim construction "may be based on underlying findings of fact" (*Wi-Lan,* 811 F.3d at 461), but as recently reiterated by *Trs. of Columbia Univ.,* 811 F.3d at 1362, "[c]laim construction is ultimately a question of law," and determinations grounded solely on the claim language, the specification and the prosecution history (as opposed to the extrinsic record) are purely legal in nature. Atlas is therefore entirely incorrect in stating that claim construction cannot be engaged in at all at the motion to dismiss stage, at least when it is based on facts alleged in or reasonably inferable from the complaint.

---

Because the issues are so closely related, Maui Jim files this combined memorandum in order to once again bring these issues back together and facilitate the Court's review.

[2] Digital Landscape spends a lot of time on whether it satisfied the pleading requirements of Rule 12 under *Iqbal* and *Twombly* (Dkt. 15 at pp. 5-7). However, Maui Jim never challenged the sufficiency of the pleadings under *Iqbal* and *Twombly* and there is no need for the court to address that issue.

*Atlas,* 189 F. Supp. 3d at 774. The *Atlas* court proceeded to construe the claim term and dismiss the complaint where the plaintiff's action depended "on a claim construction that is wrong as a matter of law." *Id*. at 778. The court should reach the same result here. Maui Jim's proposed construction is supported by the intrinsic evidence: the claims and specification of the '935 patent, the '879 application that the '935 patent incorporates by reference, and the abandoned continuation application of the '935 application (Pub. No. US 2006/0274256).[3] The only extrinsic evidence relied upon by Maui Jim is the '811 patent, but the '811 patent is merely confirmatory of what is already demonstrated by the intrinsic evidence. It is also self-explanatory and requires no discovery. On these facts, where the claim construction is supported by the intrinsic evidence, it is appropriate to construe the disputed term "fit within" at the pleading stage. *Atlas,* 189 F. Supp. 3d at 774.[4]

In its opposition, Digital Landscape never disagrees with Maui Jim's proposed construction of "fit within" or sets forth its own competing construction. It is not clear that there even is a claim construction dispute. Digital Landscape merely argues that it is too early for claim construction without identifying why it is too early, such as what evidence it hopes to locate, why it cannot present that evidence now, and why that evidence is relevant to claim

---

[3] The intrinsic evidence consists of a patent's claims, specification, and prosecution history. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) (en banc). Patent applications that are related to the patent-in-suit, such as a continuation application, are also considered intrinsic evidence. *E.I. Du Pont de Nemours & Co. v. Unifrax I LLC,* 921 F.3d 1060, 1070-71 (Fed. Cir. 2019)

[4] Digital Landscape also suggests that the "outer lens layer" claim element requires construction, but it does not identify what the dispute is or why a word as simple or common as "outer" requires construction. Simply put, this term requires no construction. *Summit 6, LLC v. Samsung Electronics Co.*, 802 F.3d 1283, 1291 (Fed. Cir. 2015) ("Because the plain and ordinary meaning of the disputed claim language is clear, the district court did not err by declining to construe the claim term.").

construction. (Dkt. 15 at pp. 7, 9-10). In the absence of such a showing, there is no reason to defer ruling on Maui Jim's Rule 12 motion. *See, e.g., Cleveland Clinic Found. v. True Health Diagnostics LLC,* 859 F.3d 1352, 1360 (Fed. Cir. 2017) (explaining that Federal Circuit has repeatedly affirmed invalidity dismissals under 35 U.S.C. § 101 "at the motion to dismiss stage, before claim construction or significant discovery has commenced" where the patentee "provided no proposed construction of any terms or proposed expert testimony that would change the § 101 analysis.").

The cases cited by Digital Landscape do not change this result. Those cases simply stand for the proposition that it is not appropriate to decide a Rule 12 motion based on non-infringement "without the benefit of claim construction." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018). In this case, Maui Jim's motion addresses claim construction and there is no reason why Digital Landscape cannot do the same. Moreover, in contrast to the simple technology here, Digital Landscape's cases involve complex technology that made early dismissal before fact discovery less appropriate. *E.g.*, *Pressure Specialist, Inc. v. Next Gen Mfg., Inc.*, No. 17-cv-6582, 2018 WL 572834, at *1 (N.D. Ill. Jan. 4, 2018) (direct acting pressure regulator with a guide sleeve); *Midwest Innovative Prods., LLC v. Kinamore, Inc.*, No. 16-cv-11005, 2017 WL 2362571, at *1 (N.D. Ill. May 31, 2017) (electrical cord covers with grooved compression portions); *Lecat's Ventriloscope v. MT Tool & Mfg.*, No. 16-C-5298, 2017 WL 1362036, at *1, 3 (N.D. Ill. Jan. 6, 2017) (auscultation device used to listen to sounds in the body as a method of diagnosis).

### B. Discovery Is Not Necessary Because There Is No Dispute Regarding The Structure of the Accused Maui Jim Sunglasses

Digital Landscape argues that it is premature to decide infringement before discovery (Dkt. 15 at pp. 9-10), but it does not explain why discovery is necessary when the structure of the

accused Maui Jim sunglasses is uncontested. In its opening memorandum, Maui Jim explained that the Complaint and its attachments describe all of the relevant features of the accused Maui Jim sunglasses (Dkt. 14). Specifically, the exhibits to the Complaint include pictures of the accused Maui Jim sunglasses that show that the lenses of the accused sunglasses do not fit within a frame (*Id*. at pp. 6-7, 12-15). Maui Jim also showed that the bifocal element is in the inner layer of the lens, rather than the outer layer of the lens as required by the claims (*Id*.). Digital Landscape does not contest any of these facts in its opposition.

Where there are no disputed facts and the only disputed issue is an issue of law, the Federal Circuit encourages the dismissal of cases at the pleading stage. *See Eagle Pharms. Inc. v. Slayback, Pharma LLC*, 958 F.3d 1171, 1173 (Fed. Cir. 2020) (granting judgment of non-infringement on the pleadings). Here, there are no disputed issues of fact regarding the construction of the accused Maui Jim sunglasses and claim construction is an issue of law that can be resolved on the intrinsic evidence.

Digital Landscape argues that judgment on the pleadings is premature because infringement is an issue of fact (Dkt. 15 at pp. 9-10). In this case, however, there are no *disputed* issues of fact because the structure of the accused Maui Jim sunglasses is uncontested. Moreover, the cases cited by Digital Landscape all involve technology that is much more complicated than the sunglasses at issue here. *E.g.*, *Graver Tank Mfg. Co. v. Linde Co.*, 339 U.S. 605 (1950) (electric welding process); *CommScope Techs. LLC v. Dali Wireless Inc.*, 10 F.4th 1289 (Fed. Cir. 2021) (wireless communications); *Vehicular Tech. Corp. v. Titan Wheel Int'l, Inc.*, 212 F.3d 1377 (Fed. Cir. 2000) (automotive locking differentials); *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 493 F.3d 1368, 1371 (Fed. Cir. 2007) (magnetically coupled rodless cylinder).

### C.   Leave to Amend Is Futile

Digital Landscape makes a passing motion for leave to amend its Complaint. (Dkt. 15 at pp. 10-11). Digital Landscape does not explain what that amendment would be or why it would not be futile. Regardless, no amendment can save its case against Maui Jim because the facts are what they are – Maui Jim's lenses do not "fit within" the frames and they do not have a bifocal element in the outer lens layer. Because any amendment would be futile, Digital Landscape's request for leave to amend should be denied. *See Atlas*, 189 F. Supp. 2d at 779 ("no amendment can permissibly contradict the facts on which Atlas has repeatedly grounded its claim for relief, rather than clarify or supplement them.")

## II.   DIGITAL LANDSCAPE HAS NOT MET THE BURDEN FOR RELIEF UNDER RULE 56(d)

"The case law is clear that the mere fact that discovery period is not complete is not sufficient grounds to defeat a motion for summary judgment." *Williams v. Merle Pharmacy, Inc.*, No. 15-cv-1262, 2016 WL 3620706, at *2 (C.D. Ill. June 29, 2016). A non-movant may seek to defer resolution of the summary judgment motion to obtain discovery under Rule 56(d), but to do so the non-movant must show "why he cannot adequately respond to the summary judgment motion without further discovery, what specific evidence he expects to obtain from further discovery, and why it is material to the claims being decided in the summary judgment motion." *Id*. Digital Landscape has not met any of these requirements.

Digital Landscape submits the Declaration of Chris J. Zhen in support of its motion (Dkt. 17-3). That declaration falls woefully short of meeting the requirements of Rule 56(d). Of the ten paragraphs in that declaration, only one paragraph – paragraph 9 – purports to identify the discovery that Digital Landscape allegedly needs to respond to Maui Jim's motion. That paragraph includes five areas of discovery, but for each of those five areas, Digital Landscape

6

fails to explain (a) exactly what discovery it is requesting, (b) why it cannot respond to the summary judgment motion without that discovery, (c) what evidence it expects to obtain from further discovery, and/or (d) why the discovery is material to Maui Jim's summary judgment motion:

    1.    **"Discovery is required for the disputed claim terms of 'fit within' and 'molding an outer lens layer around the bifocal segment.'"** Digital Landscape does not identify what "discovery . . . for the disputed claim terms" means or could possibly encompass. It does not explain if it needs to serve interrogatories, document requests or requests for admission or the subject matter of those written discovery requests. It also does not explain if it needs to take any depositions or the names of the witnesses it seeks to depose. Digital Landscape does not explain why it cannot respond to Maui Jim's motion without further discovery, what evidence it expects to obtain from further discovery or why that evidence is relevant to Maui Jim's motion. As such, this conclusory, undeveloped request for discovery does not justify deferring a ruling on Maui Jim's motion.

    2.    **"The opinion of one skilled in the pertinent art as to the proper interpretation of the disputed claim terms."** The claim term at issue – "fit within" – consists of common words whose plain meaning is consistent with and supported by the claims, the specification, and the prosecution history of the '935 patent. Given this simple technology and clear definition of "fit within" in the intrinsic evidence, there is no need for opinion testimony from experts. *Eagle*, 958 F.3d at 1177-78 ("Expert testimony is not always required for a district court to determine how a skilled artisan would understand a patent's disclosure and claimed invention."). In this case, Digital Landscape has not explained what opinion testimony it intends to submit or why that testimony is necessary. Regardless, any such testimony cannot contradict

the intrinsic evidence and therefore adds nothing of value to this dispute. *Phillips*, 415 F.3d at 1318 ("a court should discount any expert testimony that is clearly at odds with the claim construction mandated by the claims themselves, the written description, and the prosecution history.").

Moreover, Rule 56(d) applies only when "facts are unavailable to the nonmovant." (emphasis added). Rule 56(d) says nothing about deferring a summary judgment ruling so that a non-movant can seek opinions. Opinions about the proper interpretation of the claims are also not "unavailable" to Digital Landscape. There is nothing preventing Digital Landscape from submitting a declaration from an expert in opposition to Maui Jim's motion.

**3 and 4. "Whether Defendants' manufacturing processes literally infringe the 7,093,935 patent" and whether there is infringement "under the doctrine of equivalents."** Digital Landscape fails to explain what specific discovery it is seeking, what it expects to obtain from that discovery and how it is material to Maui Jim's summary judgment motion. In particular, Maui Jim's motion is based on just two features of Maui Jim's sunglasses – whether the lenses "fit within" the frames and whether the bifocal element is in the outer layer of the lens. Digital Landscape does not contest Maui Jim's description of those features in its motion nor does Digital Landscape explain why further discovery about those features is necessary. After all, the accused sunglasses are publicly displayed on its website and available for purchase, online or in stores. In fact, it would be sanctionable if Digital Landscape filed suit against Maui Jim without already having the accused products in its possession. See *Judin v. United States*, 110 F.3d 780, 781-82 (Fed. Cir. 1997). As such, none of the facts "essential to justify its opposition" are "unavailable" to Digital Landscape.

**5. "Whether, and which of, Defendants' products are manufactured domestically or outside of the United States."** Not only does Digital Landscape fail, once again, to specify exactly what discovery it is seeking, it also fails to explain how the location of where the accused Maui Jim sunglasses is manufactured is relevant to Maui Jim's motion. Maui Jim's motion explains that the accused Maui Jim sunglasses do not infringe the '935 patent, *regardless of where they are made*. As such, this excuse fails because Digital Landscape does not explain what discovery it is seeking, why it can't respond to the motion without that discovery, the evidence it expects to obtain from the discovery, or why it is material to Maui Jim's motion.

Because Digital Landscape does not explain (a) what discovery it is requesting, (b) why it cannot respond to the summary judgment motion without that discovery, (c) what evidence it expects to obtain, or (d) why the discovery is material to Maui Jim's summary judgment motion, its request for discovery is no different than the "fishing expedition" that the court rejected in *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 866 (7th Cir. 2005). As the Seventh Circuit explained in *Davis*, Rule 56(d) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Davis*, 396 F.3d at 866. Here, Digital Landscape has not made "even the slightest showing" that its opposition is meritorious. Its Rule 56(d) motion should therefore be denied.

**III.    CONCLUSION**

Digital Landscape does not dispute the structure of the accused Maui Jim sunglasses or Maui Jim's proposed claim construction. For this reason, Maui Jim respectfully requests that the court enter judgment on the pleadings of non-infringement. Alternatively, to the extent the Court considers materials outside of the pleadings, Maui Jim requests that the Court deny Digital

Landscape's motion for discovery under Rule 56(d) and enter summary judgment of non-infringement.

Dated:  October 27, 2021                    Respectfully Submitted,

By: *s/* Mark H. Remus
Mark H. Remus (Lead Counsel, #6243717)
CROWELL & MORING LLP
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
(312) 321-4200
mremus@crowell.com

*Attorney for Defendants*
*Maui Jim USA, Inc. and Maui Jim, Inc.*

Of Counsel:

Laura Lydigsen
John Sabacinski
CROWELL & MORING LLP
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
(312) 321-4200

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2021, I electronically filed the foregoing with the Clerk of the Court using the CMECF system which will send notification of such filing to the following: Chris Zhen.

*/s/ Mark Remus*