# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DIGITAL LANDSCAPE INC., <br><br> Plaintiff, <br><br> v. <br><br><br> MAUI JIM USA, INC. and MAUI JIM, INC., <br><br> Defendants. | Case No.: 1:21-cv-1174 |

## MAUI JIM'S OPPOSITION TO DIGITAL LANDSCAPE'S
## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

In its original Complaint, Digital Landscape accused two Maui Jim sunglasses of infringing the '935 patent-in-suit: the Ho'okipa and Makaha readers. The Court found that the Ho'okipa and Makaha readers do not infringe the '935 patent and allowed Digital Landscape the opportunity to "file a motion to replead its doctrine of equivalents claim." (Dkt. 19 at 11-12). Digital Landscape's Amended Complaint does not address the deficiencies the Court identified with respect to the Ho'okipa and the Makaha readers.  Instead, Digital Landscape (a) dropped the allegations against the Ho'okipa and the Makaha readers and (b) substituted 20 new products without any substantive change to the doctrine of equivalents allegations.  Swapping in a completely new set of accused products was not the intended purpose of the Court's invitation to file a motion to "replead its doctrine of equivalents claim."  Nevertheless, for purposes of judicial economy, Maui Jim does not oppose Digital Landscape's motion for leave with respect to Count 1 (reserving all defenses), but does oppose the motion with respect to Count 2.

Count 2 is directed to claim 1 of the '935 patent, which requires a bifocal element in an outer lens layer.  Maui Jim explained in its motion to dismiss that the bifocal element in the Makaha and Ho'okipa readers is in the *inner* lens layer – the exact opposite of what is required

by claim 1. (Dkt. 14 at 14-15). The Court noted that photographs show the bifocal element "on the inside part of the lens" and that the '935 patent "clearly identifies the outer layer lens in a series of diagrams which demonstrate that bifocal pieces appear on the concave portion of the lens, facing away from the wearer" (Dkt. 19 at 9-10). Accordingly, the Court saw "no obstacle to finding Defendants do not directly infringe Plaintiff's patent" and that "Plaintiffs failed to adequately plead that Defendant infringed its patent under the doctrine of equivalents. (*Id*. at 9-11).

The lenses of the 20 new Accused Products have the same construction as the Makaha and Ho'okipa readers. (Dkt. 20 at 4, n.1 ("Plaintiff assumes the new Accused Products also include the bifocal element in the inner lens layer.")). Barring any changes to the complaint with respect to the doctrine of equivalents, the Court's finding of noninfringement for claim 1 applies with equal force to the new products as well. But Digital Landscape did not make any changes to address the deficiencies identified by the Court. The Amended Complaint simply repeats the same false allegation that "the Accused Products accommodate the bifocal segment by molding an outer lens layer around the bifocal segment" (Dkt. 20-1 at 17) even though Digital Landscape now admits that the bifocal element is in the inner lens layer. (Dkt. 20 at 4, n.1). As such, Count 2 is futile because it does not (nor could it) address the deficiencies identified by the Court.

Digital Landscape argues that the difference between locating the bifocal element in the inner lens layer (the accused products) and outer lens layer (claim 1) is a "superficial difference." (Dkt. 20 at 4-5). It is not a "superficial difference" when the accused products have the *polar opposite* of what is required by the claims. As explained in Maui Jim's motion to dismiss, the doctrine of equivalents cannot be applied so broadly that it reads an element out of a claim. (Dkt. 14 at 14-15). Yet this is exactly what Digital Landscape does when it argues that the

bifocal element can be in any layer, notwithstanding the fact that the claims expressly limit the location to the "outer lens layer." The Federal Circuit explained the reason for this rule in *Sage Prods., Inc. v. Devon Indus., Inc.*:

> The claim at issue defines a relatively simple structural device. A skilled patent drafter would foresee the limiting potential of the "over said slot" limitation. No subtlety of language or complexity of the technology, nor any subsequent change in the state of the art, such as later-developed technology, obfuscated the significance of this limitation at the time of its incorporation into the claim. . . . If Sage desired broad patent protection for any container that performed a function similar to its claimed container, it could have sought claims with fewer structural encumbrances. . . . Instead, Sage left the PTO with manifestly limited claims that it now seeks to expand through the doctrine of equivalents. However, as between the patentee who had a clear opportunity to negotiate broader claims but did not do so, and the public at large, it is the patentee who must bear the cost of its failure to seek protection for this foreseeable alteration of its claimed structure.

126 F.3d 1420, 1426 (Fed. Cir. 1997) (internal citations omitted).  The present case also concerns a simple structural device and the limiting effect of requiring the bifocal element in the "outer" lens layer is readily apparent.  On these facts, where the construction of the accused products is not in dispute, Plaintiff admits there is no literal infringement, and the accused products have the polar opposite of what is required by the claims, the proposed amendment to Count 2 is futile and the motion for leave should be denied with respect to that count.

Finally, Maui Jim reserves the right to request its fees under 35 U.S.C. § 285 at the conclusion of this case. Digital Landscape never bothered to examine the Ho'okipa and Makaha readers that it originally accused, it offered no credible basis for alleging infringement in response to the motion to dismiss, and then it dropped those products in favor of 20 new products.  This lack of due diligence forced Maui Jim and this Court to expend unnecessary time and resources to dispose of a Complaint that should not have been filed in the first place.

Dated: April 1, 2022

Respectfully Submitted,

By: *s/ Mark H. Remus*
Mark H. Remus (Lead Counsel, #6243717)
CROWELL & MORING LLP
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
(312) 321-4200
mremus@crowell.com

*Attorney for Defendants*
*Maui Jim USA, Inc. and Maui Jim, Inc.*

Of Counsel:

Laura Lydigsen
CROWELL & MORING LLP
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
(312) 321-4200

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CMECF system which will send notification of such filing to the following: Chris Zhen.

*/s/ Mark Remus*